UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSWALDO JOSE CASTILLO-
CASTRO,

       Plaintiff,

v.

       Case No. 2:25-cv-1045-KCD-DNF

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,
OFFICIAL CAPACITY, *et al.*,

       Defendants.
_____/

## ORDER

Plainitff Oswaldo Jose Castillo-Castro has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment. (*Id.* at 7-10.) Defendants responded. (Doc. 15.)[2] For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] For both Docs. 1 and 15, the Court uses the page numbering generated by its electronic filing system.

Castillo-Castro illegally entered the United States in 2023. (Doc. 19 at 2.) Just over a month ago, Castillo-Castro was detained by ICE while on his way to work. (Doc. 1 ¶ 3.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (*Id.*)

ICE is holding Castillo-Castro under 8 U.S.C. § 1225. (*Id.* ¶ 41.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). Castillo-Castro is now in removal proceedings and being charged with unlawfully entering the United States. (Doc. 15-1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Castillo-Castro, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Castillo-Castro. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895,

2

at \*6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Castillo-Castro has been in the United States since at least 2023. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Castillo-Castro is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Finally, Defendants raise an argument that they are not proper parties, which the Court now rejects as well. *See Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1150 (D. Colo. 2013); *Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020).

Castillo-Castro seeks a writ of habeas corpus ordering his "immediate release from custody." (Doc. 1 at 10.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Castillo-Castro is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at \*12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to

3

provide Castillo-Castro with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Castillo-Castro's petition also challenges his detention under the Fifth Amendment. This claim is not addressed "given that the Court [is granting] the relief [Castillo-Castro is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Castillo-Castro with a bond hearing as ordered, he can renew his Fifth Amendment claim in a subsequent complaint.

For the reasons given, Castillo-Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Castillo-Castro with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.[3]

---

[3] The Court is aware of a pending California case that certified a class action of aliens who, like Castillo-Castro, are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But no final judgment has been issued in *Bautista* to bind the parties here. And the Court finds no prudential reason to dismiss or stay this case in the meantime because Castillo-Castro will seemingly need to return to this jurisdiction to obtain the habeas relief sought. *See, e.g.*, *Alli v. Decker*, 650 F.3d 1007, 1015 (3d Cir. 2011); *J.E.F.M. v. Holder*, 107 F. Supp. 3d 1119, 1144 (W.D. Wash. 2015).

**ORDERED** in Fort Myers, Florida on December 10, 2025.

Kyle C. Dudek
United States District Judge

5